IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

PREMIER PYROTECHNICS, INC., )
               Plaintiff, )
                )
    v. )   No. 05-3112-CV-S-FJG
                )
ZAMBELLI FIREWORKS )
MANUFACTURING CO., )
             Defendant. )

# ORDER

Pending before the Court is Defendant's Motion to Dismiss Case (Doc. No. 8). Defendant moves to dismiss because it believes (1) plaintiff lacks standing to pursue a declaratory judgment action seeking interpretation of a contract to which plaintiff is not a party; and (2) there is no case or controversy raised by the complaint sufficient for the Court to exercise its discretionary jurisdiction over this declaratory judgment action.

**I.    Background**

In January of 2001, defendant and non-party David Karpinski entered into an employment contract, which included a non-compete agreement.[1] In December 2004, Karpinski left his employment with defendant and entered employment with plaintiff. Defendant and Karpinski then became involved in a dispute regarding whether the non-compete provisions of the employment contract applied in this instance. Pursuant to the

---

[1] The parties dispute whether the non-compete agreement was still in place at the time Karpinski left his employment with defendant.

1

terms of the employment contract, defendant filed a "Complaint" for arbitration as to Karpinski on March 10, 2005. Karpinski and defendant are now in the process of arbitrating their dispute, with a hearing anticipated for sometime in July.

On March 21, 2005, plaintiff filed this action seeking a declaratory judgment interpreting the terms of the contract between defendant and Karpinski. Prior to filing the pending complaint, plaintiff had received letters from defendants' counsel threatening legal action if plaintiff tortiously interfered with defendant's employment contract with Karpinski. Plaintiff is not a party to the contract.[2] To-date, defendant has not filed any action against plaintiff.

## II. Discussion

### A. Lack of Standing

Article III, Section 2 of the U.S. Constitution allows federal courts to hear only "actual cases and controversies." County of Mille Lacs v. Benjamin, 361 F.3d 460, 463 (8th Cir. 2004), cert. denied, 125 S.Ct. 454 (2004). A party has standing to bring a claim " if it has suffered some actual or threatened injury." Id. A declaratory judgment plaintiff, to demonstrate standing, must "demonstrate that he has suffered [an] injury in fact, that the injury is fairly traceable to the actions of the defendant, and that the injury will likely be redressed by a favorable decision." Bennett v. Spear, 520 U.S. 154, 162 (1997).

Defendant argues that plaintiff does not have standing because it is not a party to the contract or a third party beneficiary to the contract. See Farmers Ins. Co., Inc. v. Miller,

---

[2] However, it is notable that Karpinski is represented in the arbitration hearings by the same counsel as plaintiff.

2

926 S.W.2d 104, 107 (Mo. App. 1996). It is undisputed that plaintiff is not a party to the contract. Defendant notes that "[o]nly those third parties for whose primary benefit the contracting parties intended to make the contract may sue on the contract. . . . [and] the terms of the contract must clearly express an intent to benefit the third party." In re Scott, 913 S.W.2d 104, 105 (Mo. App. E.D. 1995)(citations omitted); see also Aufenkamp v. Grabill, 112 S.W.2d 455, 459 (Mo. App. W.D. 2003), citing Applegate v. Quincy, O. & K.C.R. Co., 252 Mo. 173, 158 S.W. 376, 379 (1913)("[B]efore a promise made by A. to B. can be sued on by C., a stranger to the contract, it must be made for the benefit of C., and be so intended by the contracting parties."); Defiance Hospital, Inc. v. Fauster-Cameron, Inc., 344 F. Supp. 2d 1097 (N.D. Ohio 2004)(finding that plaintiff, a hospital seeking a declaratory judgment that defendant's non-compete agreements were unenforceable, did not have standing to sue because it was not a party or third-party beneficiary to the non-compete agreements).

Plaintiff responds that defendant is focusing on the incorrect "controversy" in this instance. Plaintiff states that defendant is mischaracterizing this as a contract dispute, when plaintiff has not alleged in its complaint that plaintiff has a protected interest under the contract. Instead, plaintiff states that the gravamen of its complaint is that defendant has threatened legal action against plaintiff for impermissibly interfering with defendant's allegedly protected interests. Plaintiff also indicates that, in dicta, the court in Defiance Hospital indicated that disputes involving allegations of tortious interference with business relationships or contracts might provide sufficient basis for standing under the Declaratory Judgment Act. See Defiance Hospital, 344 F. Supp. 2d 1097, 1118 n.12 (N.D. Ohio 2004).

Defendant replies that the specific relief sought in plaintiff's complaint is:

> A. That this Court enter an Order declaring that the terms of Mr. Karpinski's non-compete agreement with Defendant, as set forth by the 2001 Initial Employment Agreement and amended by the March 2001 Modified Agreement, expired one (1) year following the commencement of Mr. Karpinski's employment with Defendant, or, at the latest, by January 31, 2003, and thus, does not prevent Mr. Karpinski's current employment with Plaintiff; and/or in the alternative that [sic]
>
> B. That this Court enter an Order declaring that Plaintiff has not infringed the Defendant's legitimate contractual expectations under the 2001 Initial Employment Agreement due to the fact that it is sufficiently overbroad so as to deny enforcement. . . .

See Doc. No. 2, ¶ 20. Therefore, defendant states that plaintiff is seeking the "same contract interpretation relief that will be sought by Karpinski in the upcoming arbitration case between the real parties to the contract." See Doc. No. 12, p. 1. Additionally, defendant notes that, to demonstrate standing, a plaintiff must be in "immediate danger of sustaining threatened injury," Mille Lacs, 360 F.3d at 465. Here, defendant notes that plaintiff's fear that defendant may, at some time in the future, file a lawsuit against plaintiff for employing Karpinski and/or soliciting defendant's customers and employees, is not indicative of immediate danger.

The Court agrees with the points and authorities cited by defendant. In particular, the Court believes that the situation presented in the present complaint is, for all practical purposes, the same as that in Defiance Hospital, Inc. v. Fauster-Cameron, Inc., 344 F. Supp. 2d 1097 (N.D. Ohio 2004). Plaintiff's protestations that this case is not about interpretation of the employment contract between Karpinski and defendant are unavailing; defendant correctly points out that the relief requested is the interpretation of a contract to

4

which plaintiff is not a party. Plaintiff does not have standing to pursue this declaratory judgment action. Accordingly, defendant's motion to dismiss (Doc. No. 8) should be **GRANTED.**

B. Lack of Actual Case or Controversy

In the alternative, defendant also states that there is no actual case or controversy for the Court to adjudicate. The Declaratory Judgment Act does not grant federal jurisdiction. Instead, the facts of the case must present an actual controversy and be ripe for adjudication. Additionally, courts undertake an inquiry into prudential considerations before deciding whether to exercise jurisdiction over a declaratory judgment action.

"To satisfy the actual controversy requirement of the Declaratory Judgment Act, there must exist 'a substantial controversy between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" Gopher Oil Co. v. Bunker, 84 F.3d 1047, 1050 (8th Cir. 1996). "[B]oth the immediacy and the size of the threatened harm impact the ripeness calculus - they must be significant." Neb. Pub. Power Dist. v. Midamerican Energy Co., 234 F.3d 1032, 1038 (8th Cir. 2000). "The difference between an abstract question and a 'case or controversy' is one of degree, of course, and is not discernible by any precise test.' The Supreme Court has directed that the ripeness inquiry requires examination of both the 'fitness of the issues for judicial decision' and 'the hardship to the parties of withholding court consideration.'" Neb. Pub. Power Dist., 234 F.3d at 1038.

In addition to determining whether a case or controversy is present, courts are to undertake a prudential inquiry to determine whether or not declaratory relief is proper in a

5

given situation, examining the following two criteria: (1) whether the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) whether it will terminate and afford relief from the uncertainty and controversy giving rise to the proceedings. See American Federation of State, County, and Municipal Employees v. Moore, 1992 WL 118742, *5 (W.D. Mo. 1992)(Gaitan, J.).

Defendant states that plaintiff has suffered no injury in fact; instead, defendant states that plaintiff alleges only that it is concerned that it may be sued at some future point for tortious interference with the contract between defendant and Karpinski. Defendant also points out that for these same reasons, this case is not ripe for adjudication. See Public Water Supply Dist. No. 8 v. City of Kearney, 401 F.3d 930, 932-33 (8th Cir. 2005)(noting that federal courts are prohibited from "resolving cases based on hypothetical facts" or issuing advisory opinions).

Plaintiff responds that the threat of litigation is sufficient to demonstrate a real controversy. See Simms v. Exeter Architectural Products, Inc., 868 F. Supp. 677, 684 (M.D. Pa. 1994); Deichmann v. Boeing Company, 38 F. Supp. 2d 783, 788 (E.D. Mo. 1998). Furthermore, plaintiff states that it is not a party to the arbitration proceeding pending between defendant and Karpinski, and that arbitration proceeding will not resolve plaintiff's interests as stated in this declaratory judgment action.

The Court agrees with defendant that the threat of litigation in this matter is too attenuated to demonstrate a real controversy. Plaintiff has not demonstrated that it is being or about to be injured by defendant.[3] Additionally, this Court believes it should exercise its

---

[3]In fact, depending on the interpretation given the contract in the arbitration between Karpinski and defendant, defendant might not have a basis for suing plaintiff

6

discretion to not hear this declaratory judgment action.  After making the prudential inquiry, the Court believes that the issues surrounding the interpretation of the contract at hand are better resolved in the pending arbitration proceeding between the parties to the contract.  A decision by this Court in the pending matter would not clarify or settle the legal relations in issue because such a decision would not be binding upon the arbitrator in Pennsylvania, and for the same reasons any decision by this Court would not terminate the uncertainty and controversy giving rise to these proceedings.  Instead, the Court agrees with defendant that any decision made in this case would only complicate the pending arbitration proceeding; there is a definite possibility of inconsistent results if this Court were to proceed and hear this case.  Therefore, defendant's motion to dismiss (Doc. No. 8) should be **GRANTED**.

### C. Request for Attorney's Fees

Defendant seeks an award of attorney's fees for defending what it calls a frivolous action, under 28 U.S.C. § 2201, 28 U.S.C. § 2412, or the inherent power of the Court.  However, the Court believes that an award of attorney's fees is not warranted in this instance.  Therefore, defendant's request for attorney's fees (Doc. No. 8) is **DENIED.**

### III. Conclusion

For the foregoing reasons:

(1) Defendant's motion to dismiss (Doc. No. 8) is **GRANTED**;

---

following arbitration.

(2) Plaintiff's complaint for declaratory judgment is **DISMISSED WITHOUT PREJUDICE**; and

(3) Defendant's request for attorney's fees (Doc. No. 8) is **DENIED.**

**IT IS SO ORDERED.**

                                          **/S/FERNANDO J. GAITAN, JR.**
                                          Fernando J. Gaitan, Jr.
                                          United States District Judge

Dated: May 31, 2005
Kansas City, Missouri